**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**WILLIAM H. DOURLAIN,**

                              **Plaintiff *Pro se*,**                    **04-cv-372**
                                                                 **(NAM/DEP)**

**v.**

**UNITED STATES OF AMERICA,**

                              **Defendant.**
────────────────────────────────────

**APPEARANCES**                                        **OF COUNSEL:**

William H. Dourlain
Plaintiff *Pro se*
Post Office Box 323
Manlius, New York 13104

United States Department of Justice            Karen Wozniak, Esq.
Post Office Box 55                                  Trial Attorney, Tax Division
Ben Franklin Station
Washington, D.C. 20044

Hon. Norman A. Mordue, D.J.:

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Presently before the Court is the government's motion to dismiss plaintiff *pro se* William Dourlain's amended complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. In the amended complaint, plaintiff alleges a variety of constitutional and statutory violations arising from the issuance of a Notice of Tax Lien against his property.

### BACKGROUND

In an Order entered April 12, 2004, Dkt. n.3, the Court dismissed plaintiff's complaint because it: (1) failed to satisfy the basic pleading requirements established by the Federal Rules of Civil Procedure; (2) failed to state a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); (3) failed to allege that he has exhausted his administrative remedies prior to filing suit as required by 28 U.S.C. §§ 1346(a)(1) and 7433(d)(1); and (4) was untimely.  The Court dismissed the complaint without prejudice to the filing of an amended complaint within thirty days of the date of the Order.

On May 12, 2004, plaintiff filed an amended complaint seeking the following relief:

1.  $5,000.00 for damages under 26 USC 7433 and the loss of liberty granted by the Fifth Amendment of the Constitution that the illegal "Notice of Federal Tax Lien" filed by the Internal Revenue Service, in particular a R.M. Connolly has deprived the plaintiff.

2.  An injunction against the defendant removing the "Notice of Federal Tax Lien" filed by the Internal Revenue Service on the Plaintiff.

Amended Complaint, ¶¶ 1 and 2.

## JURISDICTION

Plaintiff alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1346(a)(1),[1] 1355(a),[2] 1356,[3] and 26 U.S.C. § 7433 (civil

---

[1]Section 1346(a)(1) provides:

The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws . . . .

28 U.S.C. § 1346(a)(1).

[2]Section 1355(a) provides:

damages for certain unauthorized collection actions).

## DISCUSSION

### *Rule 12(b)(1) Motion to Dismiss*

In contemplating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must "accept as true all material factual allegations in the complaint[,]" *Atlantic Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)(citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), though "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Id.* (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). Plaintiff brings this action *pro se*, thus his submissions should be held "'to less stringent standards than formal pleadings drafted by lawyers . . .". *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction may include evidence outside the pleadings, e.g., affidavit(s) or otherwise competent evidence, and cannot be converted to a Rule 56 motion for summary judgment. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011

---

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

28 U.S.C. § 1355(a).

[3]Section 1356 provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

28 U.S.C. § 1356

(2d Cir. 1986).

### *Sovereign Immunity*

In this case, the United States is the defendant.  As a sovereign, the United States "may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit." *Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir. 1990) (citing *United States v. Sherwood*, 312 U.S. 584 (1941)).  "When a statutory waiver of immunity exists, a plaintiff must strictly comply with the conditions to suit outlined by the statute or corresponding regulation." *Weisman v. Commissioner of IRS*, 103 F.Supp.2d 621, 626 (E.D.N.Y. 2000) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

### *Anti-Injunction Act*

The government contends that plaintiff's request for an injunction "removing the 'Notice of Federal Tax Lien" filed by the Internal Revenue Service on the Plaintiff is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.  The Anti-Injunction Act states, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." *Id*.  "The purpose of the Act is to protect 'the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995) (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974)) (additional quotation marks omitted).  There is, however, a judicially created exception for taxpayers:

> To qualify for this exception a taxpayer must show (1) that "it is clear that under no circumstances could the Government ultimately prevail" on the tax liability and (2) that "equity jurisdiction otherwise exists" because the taxpayer would suffer irreparable injury if collection were effected. A court must "take the view of the facts that is most liberal to the Commissioner, not to the taxpayer seeking injunctive relief."

4

*Id.* at 106-07 (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962); *Laino v. United States*, 633 F.2d 626, 632 (2d Cir. 1980)) (internal citation omitted).  There is nothing in the amended complaint or plaintiff's opposition papers which suggest that plaintiff could make this showing.

### *Exhaustion of Administrative Remedies*

Plaintiff asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1) and seeks to recover civil damages pursuant to 26 U.S.C. § 7433.  As a condition to waiver of sovereign immunity by the United States, an individual seeking to recover civil damages for taxes erroneously or illegally assessed or collected must first file an administrative claim for a refund with the IRS prior to filing suit in federal district court.  *See Soffer v. United States*, No. 01 Civ. 0945, 2002 WL 741653, *3 (S.D.N.Y. Mar. 20, 2002); 26 C.F.R. § 301.7433-1(d).

According to the amended complaint, on or about May 17, 2002, "R. M. Connolly" of the Internal Revenue Service filed a Notice of Tax Lien on plaintiff's property.  Plaintiff claims that the lien is not based on a legal tax assessment because the IRS lacks the authority to make a legal assessment in the first place.  Plaintiff claims he exhausted his administrative remedies prior to suit based on the following:

> On or about May 24, 2002 the Internal Revenue Service sent a "Notice of Federal Tax Lien Filing and Your Rights to a Hearing Under IRC 6320" (exhibit 5) to the Plaintiff enabling a "hearing" with regard to the lien that was filed against the Plaintiff.  The results of this "hearing" (no sworn testimony was taken) on September 26, 2002 can be seen in a letter (exhibit 6) sent to the Plaintiff by the Internal Revenue Service.  At this "hearing" the Plaintiff questioned the assessment authority (among other issues) of the Internal Revenue Service.  The Plaintiff issues concerning regulations were ignored and the Internal Revenue Service summarized the Notice of Federal Tax Lien be kept on file.  This "hearing" determination along with the numerous unanswered requests concerning issuing of penalties, changing of returns, sending of IRC 6212 "deficiency notices" show an exhaustion of all administrative remedies.

Amended Complaint, ¶ 3.

The government has submitted a declaration by James Salvalzo of the IRS in support of its contention that plaintiff has not filed an administrative claim for damages.  In opposition, plaintiff outlines the "lawless actions that led to the illegal assessments and subsequent collection process" but does not assert that he has filed any claim for a refund or damages with the IRS.[4] Accordingly, the Court lacks subject matter jurisdiction over plaintiff's claims.

### Bivens Claim

The government next contends that to the extent plaintiff advances a "*Bivens*-type" claim in his amended complaint by alleging that the IRS deprived him of the "liberty granted by the Fifth Amendment", the Court lacks subject matter jurisdiction because plaintiff sued the United States, not an individual agent of the government.  A *Bivens* claim may be maintained against individual agents of the government, but not against the United States or a government agency. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994).  Although plaintiff identifies one "R. M. Connolly" in the amended complaint, Connolly is not a named defendant. Accordingly, to the extent plaintiff advances such a claim in the amended complaint, it must be dismissed.[5]

---

[4]In the April 12, 2004, Order, the Court advised plaintiff that the exhaustion of administrative remedies was a condition precedent to suit and cited case law and federal regulations, *Soffer v. United States*, No. 01 Civ. 0945, 2002 WL 741653, *3 (S.D.N.Y. Mar. 20, 2002); 26 C.F.R. § 301.7433-1(d), which state that the filing of a claim for a refund is a condition precedent to suit under 26 U.S.C. §§ 1346(a)(1) and 7433.

[5]In the April 12, 2004, Order, the Court specifically advised defendant that "a *Bivens* claim can only be maintained against individual agents of the government, not against the government or a government agency."  Dkt. n.3, p.4.

### *Collection Due Process Determination*

Finally, the government seeks dismissal of the complaint to the extent it seeks, pursuant to 26 U.S.C. §§ 6320(c) and 6330(d), judicial review of the collection due process determination dated November 26, 2002, regarding plaintiff's income tax liabilities for the 1998 and 1999 income tax periods. *See* Amended Complaint, Exh. 6. An appeal from a determination following a collection due process hearing must be filed within thirty days of the date of the determination, and may be filed in federal district court only if the United States Tax Court does not have jurisdiction over the underlying tax liability. 26 U.S.C. § 6330(d)(1)(B). The Tax Court has jurisdiction over income tax liability. *See* 26 U.S.C. 6330(d)(1); *Downing v. Commissioner*, 118 T.C. 22, 27-28, 2002 WL 15574 (2002) ("The Tax Court generally has jurisdiction over income, gift, and estate tax cases for purposes of section 6330(d)(1)(A) because we have deficiency jurisdiction relating to those taxes."). Accordingly, the Court lacks subject matter jurisdiction to hear this claim.

### CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the government's motion to dismiss is granted in its entirety; and it is further

ORDERED that the amended complaint is dismissed.

IT IS SO ORDERED.

DATE:   September 19, 2005

Norman A. Mordue
U.S. District Judge